*525 Statement of the Case.
MONROE, J.
Relator presents to this court a sworn petition, containing the following, with other, allegations, to wit:
“That in June, 1005, Raul Berthelot, then and now the sheriff” of the parish of St. John the Baptist, “in the suit of Paul Berthelot v. A. N. Hotard, No. 140 of the docket of the Twenty-Eighth judicial district court, parish of St. John the Baptist, illegally and maliciously seized and sequestered movable property belonging to petitioner of over the value of $2,000; • that your petitioner promptly filed exceptions to said suit and a motion to dissolve said writs, which motion and exceptions were tried in due course; that on July 26th due notice was issued to your mover that judgment would be rendered thereon on July 31, 1905, which notice petitioner hereto annexes as Exhibit A; that on July 31st judgment was rendered, in the absence of petitioner, * * * a copy of which judgment petitioner annexes as Exhibit B ; * * * that in some way the said Paul Berthelot, sheriff, became posted as to what the judgment would be in said suit, and a petition was prepared, and purports to have been signed and sworn to by said Berthelot, in the city of New Orleans, on July 29th, setting forth that judgment of nonsuit had already been rendered in suit No. 340, * '* * and that he had paid the costs,' and said petition was filed on July 31st, when said judgment was rendered, as No. 146 of the docket; that in said second suit the plaintiff's claims against petitioner for rent are enormously exaggerated over the former suit, and writs of provisional seizure and sequestration were issued for sums that were not due, or were prematurely urged and exaggerated; * * * that said suits were a willful and malicious attempt on the part of plaintiff to seize his [relator’s] property, and to harass, annoy, and vex him, and to deprive him of the means to carry on other suits against the said Paul Berthelot.
“Relator avers that the same day that said writs were issued the court adjourned, and remained in vacation in August and September; that in October, 1905, petitioner filed exceptions to said suit and motions to dissolve said writs, which morions, under the well-settled jurisprudence, were entitled to a prompt and summary trial; that owing to the quarantine and to the illness and subsequent death of the presiding judge, Hon. J. L. Gaudet, petitioner could not obtain a trial of his said exceptions and motions to dissolve; that, on the election of the present judge, Hon. Prentice E. Edrington, your petitioner, at the first term of the court thereafter, obtained the fixing of the said exceptions and motions * * * for trial on March 16, 1906; that there are*no rule days in said court, but under the rules of said court, and particularly rule 7 thereof (a certified copy of said rules being annexed hereto as Exhibit O), ‘motions, rules, and exceptions shall stand fixed for trial in the order in which they are entered on the trial docket, and tried during the first morning hour after the expiration of the time allotted for motions, etc., under rule 5’; that your petitioner, his counsel, and opposing counsel were in court long before the opening hour on March 16, 1906, and, when court opened, petitioner, through his counsel, requested that the court take up and try the said exceptions and motions to dissolve in suit No. 146, which the court refused to do, stating that it would proceed with the trial on the merits of the suit of Adele Gazzano v. Petitioner, No. 145 of the docket, * * * a suit filed by the same counsel immediately preceding said suit No. 146, of Berthelot v. Hotard, and in the answer in which former suit it is alleged that the same was instigated by said Paul Berthelot, and the chief function of which, petitioner now charges, is to blockade and postpone the trial of the exceptions and motion to dissolve in suit No. 146: that your petitioner, when his request for trial was denied, on March 16th, requested the court to assign some other day when the exceptions and motion could be tried, which the court declined to do, stating that the business of the court in other parishes would require all the time of the court for a long time to come; that the court, however, found no such difficulty in the fixing and hearing on the merits of the Gazzano suit against petitioner. No. 145, on that day, and subsequently on March 28, 1906, April 5, 1906, .and again on May 8, 1906; that on the latter day * * * defendant moved in open court that the court assign some certain day to try the aforesaid rule and motions in suit No. 146, at and on which suit No. 145 would not be used and allowed to blockade‘the trial of the aforesaid’ exceptions and rule; that the court thereupon stated that it could not fix the trial of said rule until the coming criminal term of the court, in June, notwithstanding which the court held a session in St. John parish in both the two following weeks in May, as shown by minutes on May 15th and May 24tb : that your mover then requested (May Sth) a fixing of this cause for June 13, 1906, which was done; that, in accordance with the tactics continuously followed by them, counsel for plaintiffs in both cases subsequently moved in open court, as shown by the minutes, to fix No. 145 ‘as an open case’ for the same day, June 13, 1906, thereby intending, if criminal cases did not prevent it, to make sure that said rule and exceptions were not tried, and to blanket said rule with an open case; that counsel for petitioner promptly complained to the judge of his granting said subsequent order; that your petitioner appeared in court on June 13, 1906, but that the trial of said rule was unavoidably prevented by a pending murder trial; that when court opened that day petitioner’s counsel moved to continue said cause No. 146 to June 23st, and requested the court again not to allow suit No. 145 to be fixed on the same day; that Mr. H. N. Gautier, one of the attorneys for plaintiffs in. *527 both cases thereupon rose and requested the court to fix said latter case for the same day, June 21st, which the court denied, but fixed said case for June 20th, the day previous, • * * well knowing that the case would take some days to complete; that the murder case was concluded late on the night of June 19th; that, owing to fatigue, the court needed a rest on the next day, and therefore could not take up the case No. 145, fixed for trial June 20th, but the court could, and should, have prepared to try the rule and exceptions in No. 146, fixed for the 21st of June, but, instead of so doing, the judge on the latter day left the parish arid came to the city of New Orleans, having previously by an ex parte order on June 19th continued, before either was ever reached, both suits, Nos. 145 and 146, to the same day, June 22/ 1906; that petitioner’s counsel saw Judge Edrington at the office of 1-Ion. L. H. Marrero, one of plaintiffs’ counsel, in the city of New Orleans, and there requested them both to be promptly at the courthouse, as he desired and would insist on the trial of his exceptions and rule in No. 146 on' the morning of Friday, June 22d; that petitioner arrived at said courthouse long before court convened on that morning, and found, as he expected, posted alongside of the framed copy of the rules of court suit No. 145 over and above suit No. 146 (on rule and exception); that thereupon counsel prepared the motion, a certified copy of which is annexed hereto as Exhibit D., in which these facts were all set forth under oath, and, as soon as court convened, at 11 o’clock a. m., presented, read, filed, and submitted said motion, without argument; that petitioner’s sole demand in said motion was that the exceptions and rule or motion to dissolve in suit No. 146 ‘be taken up and tried by preference this morning, and each subsequent morning, during the rule hour, until otherwise disposed of’; that said motion was read and submitted at exactly 11 o’clock a. m.; that thereupon the court orally stated, which statement was subsequently set forth at greater length in writing in plaintiffs’ return to this rule, annexed hereto, ‘that the court had no rules, that the rules had been prepared by Judge Gaudet,’ whose unexpired term he was then completing, ‘and had never been adopted by him’; that thereupon counsel requested 15 minutes’ time to prepare a return to said rule, and the court instructed them to take what time they needed, and ordered a recess of court for that purpose; that no return was necessary, and the delay was asked and granted solely to kill time and try and consume the morning hour, to prevent the trial of said exceptions and rule in No. 146; that in spite of your defendant’s counsel’s protests the plaintiffs’ counsel absented himself from court from 11:15 o’clock a. m. to 12:25 p. m., one hour and ten minutes, and returned into court with a so-called return, hereto annexed for reference only, as Exhibit E, in which their principal averment was that mover was trying to have his rule and exception tried out of the rule hour and that the morning hour was now over, which position the judge, .who had previously stated there were no rules or morning hour thereunder, solemnly adopted, and declared the case No. 145 would now have to be proceeded with on the merits; that these facts and ruling are set forth in a certified copy of the ruling, note of evidence, and bill of exceptions, hereto annexed as Exhibit F; that the, court could not, by any such recessional action, deprive petitioner of his time for trial, and that under the rules themselves (rule 7) this hour only begins after the time allotted for such ex parte motion as was then filed and submitted, and the same was a patent effort by the court to again deprive petitioner of the hearing which was due to him under the law and the rules of the court.
“That thereafter the case No. 145 was called, and * * * defendant’s counsel * * * filed a motion, objecting to the trial on the ground that the case had been refixed, ex parte and in his absence, without the legal notice of refixing required by rule 1, and also because the evidence, taken at various times for months previously, had not been filed in accordance with rule 26 of the court, though the same had all been duly transcribed and offered to plaintiff, as defendant showed by the sworn evidence of the stenographer; that the court, knowing full well that said cause No. 145 should have been then and there continued, but also knowing that, if the same was continued, the exceptions in the Berthelot case, No. 146, which followed it, would have to be taken up and disposed of, adjourned court, so that counsel for plaintiff could prepare another return, and actually maintained a recess until 3 o’clock p. m., when counsel for plaintiff appeared with their belated return, at a time when, under rule 1 of the court, both they and the court knew that no cause could be taken up without full consent; and that after this hour the judge granted a continuance of suit No. 145.
“That immediately thereafter the court declared, without any motion from plaintiff that defendant heard, that it would fix suit No. 145, Gazzano v. Hotard, for July 12, 1906, that being the only day that said Suit could be tried in July; that your petitioner’s property had been under ex parte order of seizure for almost a year; that he was unable to bond the same, and the property had been long ago bonded by the plaintiff, his crop sold, as petitioner is informed, for over $2,000, and his mules and agricultural implements continuously used, or leased out, by plaintiff; that your petitioner has fixed the aforesaid rules and exceptions for trial, in said suit No. 146, four times, and twice has been, without cause, denied a trial and a hearing when justly entitled thereto; that he is now persuaded and convinced that his mules will die of old age before the present sheriff, his counsel (who include the district attorney), and the judge * # * will ever agree to grant him a hearing; that it is the ministerial duty of the court to hear, try, and decide, in a summary manner, the aforesaid rule and exceptions; that, if this matter be not tried in July, an effort will be made to postpone action during vacation, in August *529 ■and September, and petitioner already' suffers from great delay and denial of justice.”
Wherefore he prays that the judge a quo be ordered to show cause why a writ of mandamus should not issue commanding him forthwith to hear and determine the rules and exception referred to in the petition. And, the order having been made as prayed ■for, the judge has answered, as follows, to wit:
“Respondent shows: That the suit No. 145 ■of his docket was filed July 25, 1905, and is a case wherein Adele Gazzano seeks a divorce against her husband, Noe Hotard. Suit No. 146 was filed July 31, 1905. Therein Paul Berthelot seeks to recover from Hotard a debt, ■aiid invoked conservatory process. These suits were filed prior to respondent’s incumbency to the office of judge. Mr. H. N. Gautier is of •counsel for plaintiffs, and Mr.. James Wilkinson is of counsel for defendants, in both cases. Said suit No. 145 was for the first time on March 5, 1906, on motion of Gautier, fixed for March 15, 1906, and said suit No. 146 was for the first time on the same day, March 5, 1906, on motion of Gautier, for plaintiff, fixed for March 15, 1906. Case No. 145 is an open case, having been on trial for many days, and plaintiff has now closed his case, and several fixings were had with the view of hearing the defendant, and the case now stands fixed for July 12, 1906. •Case No. 146 is not an open case, but pending ■on a rule to dissolve the writs therein issued, and has been fixed, assigned, and reassigned, until finally for June 22, 1906, on which day the case No. 145 was to be heard on behalf of defendant. On said date defendant in said No. 146 sought to substitute, in the order of trial, his rule, in lieu of the open case No. 145, which latter was the first on the docket, with preference over all other cases, especially cases not yet gone into. The court, for good and legal reasons, refused to make such substitution, and ordered that the open case be first taken up and proceeded with, and thereupon Mr. Wilkinson moved for a continuance of said open case No. 145. After hearing argument by both plaintiff and defendants, the court granted the continuance by him asked, and the case was then and there reassigned for the first day in which the case might be reached, July 12, 1906. At this juncture Mr. Wilkinson neither asked nor requested that his rule No. 146 be taken up, nor did lie ask that the same be reassigned for some other day. That if the rule has not been disposed of and is not now fixed for trial, such fact is due to the neglect of counsel to have his rules reassigned and fixed for trial. The court endeavored to facilitate the defendant in disposing of said motion to dissolve, and has always been willing and anxious to, and did, extend to relator the same opportunities and facilities as all other litigants enjoy and to which they are entitled under the law. Respondent denies that he has shown prefei’ence or favoritism to any litigant, and shows that he has diligently and discreetly exercised the discretion vested in him to dispose of a very congested criminal docket, which necessitated special jury sessions and a great many night sessions, not only in the parish of St. John, but in the district; that in so doing your respondent was bound to give certain criminal cases preference for trial over civil cases, especially when the accused were in jail without the benefit of bail. To have tried relator’s motion and other civil matters would have operated harshly to the parish and state- and to the parties charged with crime, and would have caused confusion and disorder in the business of the court. Public interest required that, in order of trial, preference be given to such criminal cases, and these cases consumed the whole attention of the court. That, in exercising his discretion, in the manner stated, your respondent endeavored to dispose of as many civil cases as the circumstances would permit, and, had counsel for defendant, relator herein, properly exercised his discretion in selecting the dates for the trial of these motions, possibly the same would have been disposed of. Your respondent is now holding a special jury session in the parish of St. John, and seriously doubts that he will succeed in clearing the docket of the criminal cases before the adjournment of the term, which expires on the 14th of July, 3906. That the mandamus sought cannot subserve any useful purpose, in view of the fact that the respondent has not refused to try relator’s rule in accordance with law. It is patent that relator seeks by mandamus to relieve himself of the consequences of his own omissions and mistakes. In regard to the relator’s averments in re the merits or demerits of issues between himself and the plaintiff in said cause No. 146, your respondent cannot form an opinion until after the trial thereof. In reference to the rules of court adopted by resnondent’s predecessor, your respondent avers and shows that he has never adopted the same. Nevertheless he has observed them whenever and wherever such was possible without causing injustice, or where same did not operate most harshly, or would not cause confusion and disorder in the disposing of the business of the court.”
Signed, “H. N. Gautier, of counsel,” and sworn to by the judge.
Opinion.
It does not appear that case No. 145 was an open case upon the day upon which it was first fixed for trial, to wit, on March 15, 1906, and upon that day the motion to dissolve and the exception in the case No. 146 were also fixed for trial, and should have *531 been taken up during the “first morning hour” and before the calling of the cases fixed on their merits. This was required hy rule 7 of the court over which respondent presides, and which reads:
“Rule 7. Motions, rules and exceptions, and all pleas in limine shall stand fixed for trial, in the order in which they are entered on the trial docket, and tried, during the first morning hour after the expiration of the time allotted for motions, etc., under rule 5.”
Rule 5, it may be remarked, provides for the entering and confirming of defaults and the filing of motions, etc. If the court were governed hy no rules, the motion to dissolve should, nevertheless, have been taken up, because the property of the mover, including his mules and agricultural implements, had been seized, and he is entitled to a summary trial of a proceeding to test the validity of the seizure. The respondent is, however, in error in assuming that, because he had not formally adopted the rules which had been established by his predecessor, there were no rules to which lawyers and litigants’ in his court could look for their guidance. The rules so established became, and remained, the rules of the court, subject to the right of the respondent, as the successor in office of the judge by whom they were established, to rescind or abrogate them; and, no such action having been taken, they must he held, for present purposes, to regulate the practice of the court
It is said that when respondent at first decided to take up the case No. Í45, and subsequently continued that case to July 12th, counsel for relator did not ask that the rule in the case No. 145 be taken up or that it he assigned for another day; hut, as we understand it, the court had taken recess during practically the entire day in order to give counsel for the plaintiffs in the two cases the opportunity to write out returns, and when the continuance of the case No. 146 was granted the hour of 3 o’clock had arrived, after which no case, rule, or exception could have been taken up. without' the consent of all parties, and that, in continuing the case No. 145 to July 12th, respondent stated that that “was the only day that suit could he tried in July,” from which it would appear that an application on the part of the relator, such as -that to which the respondent refers, would have been utterly futile.
Upon the whole, we are of opinion that the relator’s rule, or rules, to set aside the-seizure of his property in the suit No. 146, should have been, and should he, tried.
It is therefore ordered, adjudged, and decreed that the alternative writ of mandamus herein issued he now made peremptory, and' that the respondent judge he ordered to hear-forthwith, upon a day to be fixed prior to-August 1, 1906, and to decide within a reasonable time thereafter, the rule, or rules, taken by relator in the suit No. 146 of the docket of the district court, to set aside the-seizure, or seizures, made in said suit. It is further ordered that the respondent pay the costs of this proceeding.