(49 South. 134.)

No. 17,572.

SCHWING v. DUNLAP et al.

In re DUNLAP et al.

(April 12, 1909.)

1. JUDGES (§ 56*)—RECUSATION—POWERS OF RECUSED JUDGE.

The jurisdiction of the two judges of the Twenty-First judicial district court, as conferred by the Constitution, is equal and concurrent, and ordinarily either may hear and determine any cause brought before that court. When, however, one of the judges brings suit on his own personal account, he has no other official function to discharge with reference to it than to recuse himself, having done which his jurisdiction (conceding, arguendo, that he was possessed of any originally)' is exhausted, and he can make no order affecting the jurisdiction of the other judge, which is exclusive. Hence an order of the recused judge, referring the case to the other, is an unauthorized work of supererogation, and a subsequent order, overruling an objection to the former order and to the jurisdiction of the other judge, is void, as coram non judice, and the entry of judgment by default in the case (the other judge presiding) is premature and unauthorized.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 235; Dec. Dig. § 56.*]

2. COURTS (§ 79*)—DISTRICT COURTS—RULES —ABROGATION.

The present Constitution declares that the courts provided for by it shall be considered the same courts as those bearing the same names created by the Constitution of 1879; hence the district court in and for a particular parish provided for by the present Constitution is but the continuation of the district court in and for such parish as created by Constitution of 1879, and the rules adopted for the regulation of the business of the court created by the Constitution of 1879 continue in force as the rules regulating the business of the courts provided for by the present Constitution (notwithstanding that the judge or judges holding under the present Constitution may not formally have accepted or agreed on them) until they are rescinded or abrogated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 275; Dec. Dig. § 79.*]

(Syllabus by the Court.)

Action by Calvin K. Schwing against James E. Dunlap and J. J. Holtgreve. Judgment for plaintiff. Application of defendants for writs of certiorari and prohibition. Judgment set aside, and case remanded, to be proceeded with as though judgment had not been entered.

Edward Nicholls Pugh & Son and Walter Lemann, for relators. Calvin K. Schwing, pro se (Frederick Paul Wilbert, Edward Blunt Talbot, Albin Provosty, and Paul Geddes Borron, of counsel).

Statement of the Case.

MONROE, J. This is an application for certiorari and for a writ of prohibition to in-

hibit the Honorable L. B. Claiborne, one of the (two) judges of the Twenty-First judicial district court in and for the parish of Iberville, from exercising further jurisdiction in the above-entitled cause, which was referred to him by the Honorable Calvin K. Schwing, the other judge of the same court, who recused himself because of his being plaintiff in said cause. The petition of the applicant and the return of the judge, made respondent, taken in connection with the transcript of the record, which has been forwarded as part of such return, present the following case:

Plaintiff (Schwing) brought an action, sounding in damages, against relator and the other defendant named in the caption, in the Twenty-First judicial district court, of which court he and the Honorable L. B. Claiborne are the judges, and on March 5th caused the following order to be entered on the minutes, to wit:

"It is ordered that Judge C. K. Schwing be recused in this case and the case referred to Judge L. B. Claiborne."

On March 8th the defendant (relator herein) filed a motion in which he alleges that the order so made is null, in that Judge Schwing is without authority to appoint a judge of the same district to try the cause, but is required to call in a judge of an adjoining district, and which concludes with the form of an order decreeing such nullity and directing that a judge of an adjoining district be called. On March 9th the motion so filed was overruled by Judge Schwing ex parte. On March 23d defendant filed a motion (Judge Schwing presiding) alleging that his motion on March 9th had been overruled ex parte, and asking that the minutes be corrected to show the fact, which motion was also overruled. On March 24th (Judge Claiborne presiding) judgment by default was entered against defendant, and there appears upon the minutes an objection and protest by defendant against the action of the judge in permitting the same—the grounds alleged being that Judge Schwing, having been recused for interest, was without authority to appoint Judge Claiborne to try the case, and that, Judge Claiborne and opposing counsel having been notified, prior to the entry of the default, of defendant's intention to apply to this court for relief, their further proceeding was unauthorized. It may be stated here that the respondent judge says, in his return, that this objection was made after the entry of the default. We do not, however, understand him to challenge the statement that notice had been given of defendant's intention to apply to this court for writs of certiorari and prohibition.

On March 29th (Judge Claiborne presiding) defendant, with reservations of his exceptions and motions theretofore filed, "under protest, and without waiving any of the objections urged to the jurisdiction of Judge Claiborne," moved that the default be set aside, alleging that, when entered, there was pending the motion to annul the order appointing Judge Claiborne, upon which defendant had never been heard, and that no default could legally have been entered until such motion had been disposed of. The court ordered that this motion be taken up at once, to which counsel for defendant objected, on the ground that under the rules of the court such motion could not be taken up until the morning hour of the next day, and the objection was overruled, on the ground that "under the present Constitution there have been no rules adopted by the Twenty-First judicial district court laying over the consideration of motions to the following day." The hearing was thereupon proceeded with, and the motion was overruled.

The minutes show that defendant on the same day filed an exception to jurisdiction, in which, reserving his rights with respect to motions and exceptions theretofore filed, he alleges, in substance:

(1) That there is no statute authorizing one of the judges of the court to appoint the other in a recused case, and that such action cannot be taken without statutory authority.

(2) That the general statute upon the subject requires that the recused judge shall call in the judge of an adjoining district, and is applicable to the case.

And, under protest and with reservation of the objections so made, defendant further excepted that the two judges have never apportioned the work of the court between them, or, if so, have never made such apportionment known to the public.

And this exception was also ordered to be taken up at once (with the same objection and ruling as stated above), and, after hearing, was overruled, after which defendant moved for a severance, which motion appears to have been taken under advisement, and the case was then assigned for April 1st for confirmation of default, and defendant gave notice of his intention to make the application for writs of certiorari and prohibition that we are now considering.

## Opinion.

Article 107 of the Constitution provides that, until otherwise provided by law, the state shall be divided into not less than 29 judicial districts, and "that the parishes of Iberville, West Baton Rouge and Point Coupee shall constitute the Twenty-First district." Article 109 confers jurisdiction on the judges of the district court, and provides that:

"There shall be one district judge in each judicial district, except the Twenty-First judicial district, where, until otherwise provided by law, there shall be two district judges."

Under the grant contained in this article, the whole jurisdiction is conferred upon the one judge where there is but one, and upon the two judges where there are two, and in the latter case the jurisdiction of each of the two judges is equal to, and concurrent with, that of the other. From which it follows that, ordinarily, when any suit is instituted in the Twenty-First judicial district court, complete, concurrent jurisdiction is vested in both judges, and either may hear and determine it; the question which of them shall do so being left to them. When, however, as in the instant case, one of the judges brings suit on his own personal account in the court over which he thus presides, it is evident that, in the nature of things and under the law, no power to hear and decide it is vested in him, and his recusation is but little more than a mere form. It is equally evident that neither his order of recusation nor any other order that he can make can affect the jurisdiction conferred by the Constitution on the other judge of the court. An order appointing a judge of an adjoining district to try the case, or (at the request of the opposing litigant) appointing a lawyer having the requisite qualifications for that purpose, would therefore be entirely without effect, as was the order, actually made, referring the case to Judge Claiborne, to whom it had already been referred by the Constitution.

The Constitution of 1879 did not restrict the power of the General Assembly in the matter of the number of the judges of the district courts, and in two instances an additional judge was allowed for particular districts; the statute in each case providing:

"That the two judges * * * may agree on, and arrange, the apportionment of the judicial work between themselves, and may assign the holding of certain courts, or all courts in certain parishes, to the other judge: Provided, that, when such assignment is made, due notice thereof shall be given, in some public way. In all cases in which one of the judges is recused, the other judge shall preside." Act No. 22, p. 38, of 1882; Act No. 60, p. 83, of 1884.

There has been no such legislation with respect to the two judges of the Twenty-First judicial district court, and, so far as we are

informed, there has been no agreement or arrangement with respect to the apportionment of the judicial work; but, if there has been such an agreement and apportionment, it cannot operate to divest one of the judges of jurisdiction, conferred by the Constitution, in a case in which the other judge is disqualified from acting.

Judge Schwing's order, in so far as it referred the case here in question to Judge Claiborne was, therefore, an unauthorized work of supererogation, since he had no other function to perform in the case than to recuse himself, and, the moment that was done (if not from the moment the suit was instituted), his jurisdiction ended, and that of Judge Claiborne became exclusive, though, no doubt, if there had not been another judge of the court, with equal and concurrent jurisdiction of all suits instituted therein, Judge Schwing would have had the further power, and it would have been his duty, to appoint either a judge or a lawyer to try the case according to the provisions of section 3 of act No. 185; p. 430, of 1898. Defendant, however, had the right to object to the jurisdiction of Judge Claiborne, which he did, by means of his motion of March 8th (filed at a time when Judge Schwing had no jurisdiction whatever), and until that objection had been disposed of by Judge Claiborne no judgment by default could properly have been entered. Defendant was also entitled to have his motion and exception of March 29th set down for hearing under the rules of the court, notwithstanding that the present judges have not agreed upon them, since there was a district court in and for the parish of Iberville, with rules for the regulation of its business, under the Constitution of 1879, and the present Constitution expressly declares that the courts provided for by it—

"shall be construed to be the same courts as those, of the same name, created by the Constitution of 1879, and all writs, orders and process, issued from said courts, which shall be pending, or in course of execution, at the date when this Constitution goes into effect, together with all the records and archives of said courts, shall, at once and by virtue of this article, be transferred to, and held to be cases pending in, and writs, orders and process issued from, and in course of execution, under the authority of, and records and archives of, said courts, respectively, as organized under this Constitution."

And, that being the case, we repeat what we have heretofore said in another case, to wit:

"The respondent is * * * mistaken in assuming that, because he had not formally adopted the rules which had been established by his predecessors, there were no rules to which lawyers and litigants in his court could look for their guidance. The rules so established became and remained the rules of the court, subject to the right of the respondent, as the successor in office of the judges by whom they were established, to rescind or abrogate them; and, no such action having been taken, they must be held, for present purposes, to regulate the practice in the court." Berthelot v. Hotard, 117 La. 524, 42 South. 90.

Ordinarily the question of the correctness of the respondent's ruling, in holding that the judgment by default was properly entered, and in ordering an immediate hearing of defendant's motion and exception (of March 29th), would not be reviewed in this form of proceeding; but inasmuch as, for the purpose of determining whether respondent had jurisdiction to proceed in the case at all, the whole matter has been brought before us, we have thought it advisable, in the interest of justice and to avoid a multiplicity of litigation, thus to deal with those questions which would otherwise be considered only on appeal.

It is therefore ordered, adjudged, and decreed that the judgment by default, and all rulings subsequently allowed and made by the respondent judge, in the case of Calvin K. Schwing v. James E. Dunlap and J. J. Holtgreve, be annulled and set aside, and that said case be proceeded with as though such judgment had not been allowed and entered and such rulings made.

It is further decreed that, in all other respects, the prayer of the relator be denied.