(49 South. 137.)

No. 17,574

STATE v. DUNLAP.

In re DUNLAP.

(April 12, 1909.)

JUDGES (§ 39*)—RECUSATION — APPOINTMENT BY RECUSED JUDGE.

Upon the recusation of one of the (two) judges of the Twenty-First judicial district court, exclusive jurisdiction of the recused case vests in the other judge; hence the recused judge has no capacity to appoint any one, whether the judge of an adjoining district or a lawyer, to act in the matter.

[Ed. Note.—For other cases, see Judges, Dec. Dig. § 39.*]

(Syllabus by the Court.)

James E. Dunlap was charged with carrying concealed weapons, and excepted to an order appointing a judge to try accused on the ground that his appointment was illegal. From an order overruling his exception, he applies for writs of certiorari and prohibition. Writ of prohibition made peremptory.

Edward Nicholls Pugh & Son and Walter Lemann, for relator.    Respondent Judge, pro se.

MONROE, J.    The petition, return, and transcript of the record in the case of State of Louisiana v. James E. Dunlap show that relator, being charged, in the Twenty-First judicial district court in and for the parish of Iberville, with carrying concealed weapons, moved to recuse Hon. Calvin K. Schwing, the presiding judge; that the motion was overruled by the judge himself; that upon application to this court his ruling was reversed, on the ground that he was incompetent to act in the matter (State v. Dunlap, In re Dunlap, 122 La. 241, 47 South. 540); that he thereafter made an order appointing Hon. James Simon, judge of the Nineteenth judicial district court (respondent herein), to hear and determine the motion; that relator excepted to the jurisdiction of Judge Simon, on the ground that his appointment "was illegal, without warrant of law, and contrary to the statute of this state"; that the exception was overruled; that relator gave notice to the judge and the district attorney of his intention to make the application which we are now considering, in which relator asks that Judge Simon be prohibited from further proceeding in the matter thus referred to him, for the reason, as relator alleges, that the jurisdiction is vested in Hon. L. B. Claiborne, judge (having equal and concurrent jurisdiction with Judge Schwing) of the Twenty-First judicial district court.

We have just had occasion, in the matter of Calvin K. Schwing v. James E. Dunlap et al. (this day decided) 49 South. 134,[1] to hold that, upon the recusation of one of the judges of the Twenty-First judicial district court, the exclusive jurisdiction of the recused case vests in the other judge, and hence that the recused judge has no capacity to appoint any one, whether it be a judge of an adjoining district or a lawyer, to act in the matter; and, as our reasons are given at length in the case referred to, it is unnecessary that they should be repeated here.

For the reasons assigned in the opinion this day handed down in the case of Calvin K. Schwing v. James E. Dunlap et al., 49 South, 134,[1] therefore, it is ordered, adjudged, and decreed that the alternative writ of prohibition herein issued be now made peremptory, and that Hon. James Simon, judge, herein made respondent, be prohibited from further proceeding in the matter of the motion to recuse Hon. Calvin K. Schwing, judge, in the case of State of Louisiana v. James E. Dunlap, No. 1,282 of the docket of the Twenty-First judicial district court, parish of Iberville.

[1] Ante, p. 485.