O’NIELL, C. J.
The relator in this case is the plaintiff in á suit pending in the district court for the Twenty-Eighth judicial district. Soon after the suit was put at issue by the defendant’s answer, one of the two judges for the district, Judge H. N. Gautier, died. The other judge for the district, Judge Prentice E. Edrington, was disqualified for the trial of the ease, because his son was one of the attorneys for the plaintiff. See Act No. 203 of 1918. Therefore, on motion of plaintiff’s attorney, Judge Edrington recused himself, and he appointed Hon. A. T. Higgins, a member of the bar, as judge ad hoc. Judge Higgins ordered the case fixed for trial; but, on the day of trial, the attorney for the defendant filed a plea to the jurisdiction br authority of Judge Edrington to appoint a judge ad hoc, and a plea to the jurisdiction or authority of the judge ad hoc to try the case. The plea was heard and sustained by the judge ad hoc. Thereupon, the attorneys for the plaintiff in the case brought this mandamus proceeding to compel the judge ad hoc to try the case.
In support of his ruling, the judge ad hoc cites the decision in State v. Dunlap, 123 La. 493, 49 South. 137, declaring that, on the recusation of one of the two district judges in a judicial district, the other judge has exclusive jurisdiction to try the case, and the recused judge, therefore, has not authority to appoint a judge ad hoc. The decision is not appropriate to the case before us, because, in this case, the disqualified judge is now the only judge in the district.
*660 It is said in the opinion rendered by the judge ad hoe that, under section 69 of article V of the Constitution, it was the duty of the Governor to call a special election, which should have been held within 60 days after the death of s Judge Gautier, to fill the vacancy, and that, when the vacancy shall have been filled, the newly elected judge will have jurisdiction to try this case. Considering that three months have gone by since the death of Judge Gautier, it is apparent that the Governor does not intend that the vacancy shall be filled. According to sections 31 and 32 of article V of the Constitution of 1921, the Twenty-Eighth judicial district is to have only one district judge after the expiration of the terms which will expire in December of this year. We suppose that that is the reason why the Governor did not call an election to fill the vacancy for the brief remainder of Judge Gautier’s term. The Governor’s reason, however,' for allowing the vacancy to remain, is a matter of no importance in this case. The fact is that there is now only one district judge in the Twenty-Eighth judicial district, and he, being disqualified for the trial of this case, was right in recusing himself and in appointing a judge ad hoc.
The alternative writ of mandamus is now made peremptory, and it is ordered that Hon. A. T. Higgins shall proceed with the trial of this case as judge ad hoc.